1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ROBERT STEELE,

Plaintiff,

v.

BRET BROWN, *et al.*,

Defendants.

Case No. 2:24-cv-2307-APG-EJY

**REPORT AND RECOMMENDATION**

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") and Complaint. ECF Nos. 1, 1-1. Plaintiff's IFP application is complete; however, the Complaint fails to state a plausible claim for relief. In fact, a review of the contents of Plaintiff's Complaint demonstrates he cannot possibly win relief. As explained in *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988), the Court may dismiss a case *sua sponte* without further noticed to a plaintiff under the circumstances presented here; that is "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may also be dismissed as frivolous when it is premised on a nonexistent legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327-328 (1989). No opportunity to amend is required when it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Here, Plaintiff's Complaint consists of claims against the Nevada Esquire Mafia (ECF No. 1-1 at 4), and a rambling set of allegations apparently arising from a DUI arrest in which Plaintiff states he tested positive for four times the state limit for Clonazepam and ".7 mg ml" over the state limit for THC. *Id.* at 3, 5. The Court finds Plaintiff cannot possibly cure the deficiencies that comprise his instant Complaint.

1    Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Complaint (ECF No. 1-1)

2    be dismissed with prejudice and, therefore, his *in forma pauperis* application (ECF No. 1) be

3    DENIED.

4    Dated this 13th day of December, 2024.

5

6    _____
     **ELAYNA J. YOUCHAH**

7    **UNITED STATES MAGISTRATE JUDGE**

8

9    <u>**NOTICE**</u>

10    Under Local Rule IB 3-2, any objection to this Report and Recommendation must be in

11    writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court holds

12    that courts of appeal may determine that an appeal has been waived due to the failure to file

13    objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  The Ninth Circuit

14    holds that (1) failure to file objections within the specified time, and (2) failure to properly address

15    and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal

16    factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir.

17    1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

18

19

20

21

22

23

24

25

26

27

28